# UNITED STATES DISTRICT COURT
Western District of Kentucky
Louisville Division

| | |
|---|---|
| Stacie Hines )<br>   *Plaintiff* )<br>)<br>v. )<br>)<br>LVNV Funding, LLC )<br>   *Defendant* )<br>Serve: )<br>   Corporation Service Company )<br>   251 Little Falls Drive )<br>   Wilmington, DE 19808 )<br>)<br>Stenger & Stenger, P.S.C. )<br>   *Defendant* )<br>Serve: )<br>   CT Corporation System )<br>   306 West Main Street, Suite 512 )<br>   Frankfort, KY 40601 )<br>   ) | Case No.   3:24-cv-259-DJH |

## CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by Plaintiff Stacie Hines as an individual Kentucky consumer and on behalf of a class of similarly situated Kentucky consumers against Defendants LVNV Funding, LLC and Stenger & Stenger, P.S.C. (jointly "Defendants") for their joint and several knowing, willful, unfair and thus unconscionable practices in the course of Defendants' trade and commerce of consumer debt collection against Plaintiff, and also against similarly situated Kentucky consumer citizens giving rise to the claims of Plaintiff alleged herein and the like claims of a class of similarly situated Kentucky consumers, stated as follows:

a) Violation of the Kentucky Consumer Protection Act ("KCPA"), KRS 367.110 *et seq.*, by Defendants, in combination, knowingly, willfully and unfairly violating the terms of the contract between LVNV Funding, LLC and Plaintiff;

b) Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, by Defendants' joint and several knowing, willful, unfair, and abusive attempt to collect an amount from Plaintiff by filing the collection action in Jefferson County Kentucky District Court in

violation of the terms of the Account Agreement between LVNV Funding, LLC and Plaintiff.

Plaintiff individually on behalf of herself seeks her actual damages, statutory damages, punitive damages, her court costs, and attorney fees against Defendants jointly and severally. Plaintiff also seeks to be appointed as class representative to represent and seek actual damages, statutory damages, punitive damages, court costs and attorney fees on behalf of a proposed class of Kentucky citizen consumers similarly situated as Plaintiff.

## JURISDICTION and VENUE

2. Jurisdiction of this court arises under 28 U.S.C. §1331 and 15 U.S.C. §1692k. Venue is proper because the nucleus of relevant facts and events giving rise to Plaintiff's claims occurred in Jefferson County, Kentucky, which is located within this District.

## PARTIES

3. Plaintiff Stacie Hines is a natural person who resides in Jefferson County, Kentucky and a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. § 1692a(3).

4. Defendant LVNV Funding, LLC ("LVNV") is a Delaware limited liability company not registered with the Kentucky Secretary of State whose principal place of business is located at Bank of America Building, 200 Meeting Street, Suite 206, Charleston, SC 29401-3187.

5. LVNV is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

6. Defendant Stenger & Stenger, P.S.C. ("Stenger") is a Michigan debt collection law firm engaged in the business of collecting debts on behalf of others, such as Defendant LVNV, whose principal place of business is located at 2618 East Paris Ave SE, Grand Rapids, MI 49546.

7. Stenger regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. As explained on its website:

> Our success is driven by the highly effective use of legal remedies by dedicated and motivated attorneys, paralegals, representatives, and skip tracers. Dedicated pre-suit and post-judgment collection departments ensure that every account receives the appropriate attention.

> Our experienced staff is trained using advanced technology and collection methods to determine client-specific workflow. …
>
> We have instituted policies that ensure all communications and methods of collection are in strict compliance with federal and state laws and regulations, as well as client requirements.[1]

8. Stenger's principal business purpose is the collection of debt. Stenger & Stenger is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. §1692a(6).

## STATEMENT OF FACTS

9. In 2017, Plaintiff Stacie Hines ("Hines") opened a credit card account (the "Account") originated by Credit One Bank, N.A. ("Credit One").

10. Ms. Hines used the Credit One Account for personal, family and/or household purposes, making the debt that arose out of the Credit One Account a "debt" within the meaning of the FDCPA.

11. Among the provisions contained in the Account Agreement governing the rights between Ms. Hines and Credit One is a provision titled "Arbitration Agreement" (the "Arbitration Agreement") which makes dispute resolution by arbitration mandatory for all disputes between the parties that cannot be filed in a state's small claims court. A true and accurate copy of the Arbitration Agreement is attached as Exhibit "A."

12. In its opening preamble and very first paragraph, the Arbitration Agreement expressly states that "you" [defined as the 'authorized user'] can be required to resolve controversies or disputes between the parties to the Agreement by "BINDING ARBITRATION" (all caps original). The Arbitration Agreement further states that "controversies or disputes between us *will* be resolved by a neutral arbitrator instead of a judge or jury …".(emphasis added) stating:

> This agreement to arbitrate provides that you or we can require controversies or disputes between us to be resolved by BINDING ARBITRATION. You have the right to REJECT this agreement to arbitrate by using the procedure explained below.
>
> If you do not reject this agreement to arbitrate, you GIVE UP YOUR RIGHT TO GO TO COURT and controversies or disputes between us will be resolved by a NEUTRAL ARBITRATOR INSTEAD OF A JUDGE OR JURY, using rules that are simpler and more limited than in a court. Arbitrator decisions are subject to VERY LIMITED REVIEW BY A COURT. Arbitration will proceed INDIVIDUALLY— CLASS ACTIONS AND SIMILAR PROCEDURES WILL NOT BE AVAILABLE TO YOU.

---

[1] https://www.stengerlaw.com/practice-areas/ (last accessed April 26, 2024). Defendant is registered to do business as "Stenger & Stenger P.C." in its home state of Michigan, but is registered as "Stenger & Stenger, P.S.C." in the Commonwealth of Kentucky.

13. Importantly, the Arbitration Agreement creates a single exception to the mandatory arbitration requirement which excepts claims eligible to be brought in the small claims court of the forum state, as follows:

> **Claims Not Covered:** Claims (whether brought initially or by counter or cross-claim) are not subject to arbitration if they are filed by you or us in a small claims court, so long as the case remains in such court and only individual claims for relief are advanced in the case.

14. Under Kentucky law, parties vested with an assigned claim cannot file such claims in Kentucky's small claims court. KRS 24A.240(2).

15. Under Kentucky law, creditors "engaged… in the business of lending money at interest" and "debt collectors" are prohibited by statute from filing claims for the collection of debts in small claims court. KRS 24A.240(3).

16. Ms. Hines defaulted on the Credit One Account on or about June 2021, and on January 19, 2022 Defendant LVNV Funding, LLC ("LVNV") acquired the Account from Credit One by purchase and assignment.

17. The Arbitration Agreement is, by its own terms and as a matter of Kentucky law, binding upon LVNV as the assignee of the Account and successor in interest:

> For purposes of this agreement to arbitrate, "you" includes you, any co-applicant, any Authorized User (including Additional Cardholders), or anyone else connected with you or claiming through you; and "we" or "us" includes Credit One Bank, N.A., all of its parents, subsidiaries, affiliates, successors, predecessors, employees, and related persons or entities, and all third parties who are regarded as agents or representatives of us in connection with the subject matter of the claim or dispute at issue.

18. Despite the Arbitration Provision of the Account agreement and its requirement that all claims arising out of the Account <u>must be resolved by arbitration</u>, on December 13, 2023, Defendant Stenger & Stenger, P.S.C. ("Stenger"), on behalf of, and as LVNV's collection counsel, filed a state court lawsuit against Ms. Hines styled *LVNV Funding, LLC v. Stacie Hines* Case No. 23-C-029234 in the Jefferson District Court of Jefferson County, Kentucky.

19. The District Court Division of Jefferson County, Kentucky <u>is not</u> the Small Claims Court Division of Jefferson County, Kentucky.

20. Because Kentucky law barred LVNV and Stenger from filing the claim of Credit One against Ms. Hines that LVNV acquired by assignment from Credit One in the Small Claims Court of Jefferson Count Kentucky, by the express terms of the Arbitration Agreement the only method of collection available to them was arbitration.

21. LVNV's and Stenger's filing of the State Court Lawsuit in the Jefferson District Court is an objective violation of the Arbitration Agreement's mandatory requirement to arbitrate all claims not filed in Small Claims Court.

22. By LVNV and Stenger filing the State Court Lawsuit in the District Court Division of Jefferson County, Kentucky, LVNV and Stenger knowingly and intentionally violated the Account Agreement requirement to arbitrate all claims, operated as a knowing and intentional waiver of its rights under the arbitration agreement, including the right to compel individual arbitration of class action claims.

23. LVNV and Stenger have jointly and severally caused Plaintiff to incur actual damages in having to acquire legal counsel to defend her against the wrongful State Court Lawsuit filed against her by LVNV and Stenger; loss of time Plaintiff has invested in defending against the wrongful collection attempts of LVNV and Stenger; and other incidental litigation costs and expenses.

24. LVNV and Stenger jointly and severally violated multiple sections of the federal FDCPA statute by *inter alia* unfairly filing a lawsuit against Plaintiff in the Jefferson District Court in contravention of the terms of the Account Agreement and the arbitration provision of that Agreement, which violations each created a material risk of harm to Plaintiff and the interests of consumers recognized by Congress and which it sought to protect by enacting the FDCPA.

25. LVNV and Stenger jointly and severally violated the KCPA, KRS 367.220, by *inter alia* unfairly filing a lawsuit against Plaintiff in the Jefferson District Court in contravention of the terms of the Account Agreement and the arbitration provision of that Agreement.

26. LVNV and Stenger have, within the past two years prior to the filing of this Complaint, filed numerous lawsuits against numerous Kentucky citizen consumers in an attempt to collect debts from those consumers in which the lawsuits were filed in contravention of binding arbitration agreements whose provisions are identical to, or substantially the same as, the Credit One arbitration agreement governing Ms. Hines' Credit One Account.

## INDIVIDUAL CLAIMS FOR RELIEF

I. **Violations of the FDCPA**

27. The foregoing acts and omissions of Defendants LVNV Funding, LLC ("LVNV") and Stenger & Stenger, P.S.C. ("Stenger") as to Plaintiff Stacie Hines individually constitute joint and several violations of the FDCPA which violations include, but are not limited to:

A. **Violation of 15 U.S.C. §1692e** by bringing a lawsuit against Plaintiff in contravention of the Account Agreement and the express and mandatory arbitration terms of the Account Agreement, thereby using false, deceptive, or misleading representation or means in connection with Defendant attempt to collect the alleged Account debt;

B. **Violation of 15 U.S.C. §1692e(2)(A)** by bringing a lawsuit against Plaintiff in contravention of the Account Agreement and the express and mandatory arbitration terms terms of the Account Agreement, thereby falsely representing the status of the alleged Account debt;

C. **Violation of 15 U.S.C. §1692e(5)** by bringing a lawsuit against Plaintiff in contravention of the Account Agreement and the express and mandatory arbitration terms of the Account Agreement, thus taking an action against Plaintiff that it could not legally take in an attempt to collect the alleged Account debt;

D. **Violation of 15 U.S.C. §1692e(10)** by bringing a lawsuit against Plaintiff in contravention of the Account Agreement and the express and mandatory arbitration terms of the Account Agreement, thus using a false representation or deceptive means to attempt to collect the alleged Account debt;

E. **Violation of 15 U.S.C. §1692f** by bringing a lawsuit against Plaintiff in contravention of the Account Agreement and the express and mandatory arbitration terms of the alleged Account Agreement, thereby using unfair or unconscionable means to attempt to collect the alleged Account debt.

II. **Violations of the KCPA**

28. The foregoing acts and omissions of Defendants LVNV Funding, LLC ("LVNV") and Stenger & Stenger, P.S.C. ("Stenger") as to Plaintiff Stacie Hines individually constitute joint and several violations of the KCPA.

29. The transaction that resulted in the creation, servicing, assignment, and collection of the Credit One Account constitutes "trade" and "commerce" within the meaning of the KCPA.

30. Ms. Hines used the Credit One Account exclusively for personal, family, and/or household purposes.

31. Filing a lawsuit in state District Court against Ms. Hines in a state trial court in contravention of the Account Agreement and the express and mandatory arbitration terms of the alleged Account Agreement tis an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

32. Ms. Hines suffered real and ascertainable losses from LVNV and Stenger's joint and several violations of the KCPA, including but not limited to costs, attorney's fees, and incidental expenses incurred in engaging counsel and defending against the improperly filed State Court Lawsuit, as well as frustration, anxiety, and emotional upset.

33. Ms. Hines is a natural person within the meaning of the KCPA.

34. Ms. Hines suffered real and ascertainable losses from LVNV and Stenger's joint and several violations of the KCPA.

35. Ms. Hines has claims against LVNV and Stenger jointly and severally under KRS 367.220, which gives her the right to recover her ascertainable damages, plus her costs, plus reasonable attorney's fees to be determined by the Court, and punitive damages.

## CLASS ALLEGATIONS

36. Plaintiff Stacie Hines ("Hines") incorporates all paragraphs pleaded *supra* as if fully restated and set out herein after.

37. Plaintiff pursuant to Fed. R. Civ. P. 23 hereby files a proposed class action complaint as the proposed class action representative against Defendants LVNV Funding, LLC ("LVNV") and Stenger & Stenger, P.S.C. ("Stenger"), jointly and severally, on behalf of classes of all persons in the Commonwealth of Kentucky similarly situated to Plaintiff comprised of the following persons:

**CLASSES I and II (FDCPA Classes)**

**CLASS I**

38. All Kentucky persons/consumers who:

A. Were named as a defendant in a lawsuit filed by, or on behalf of LVNV, in any District or Circuit Court of the Commonwealth of Kentucky within one (1) year prior to the date of filing of the present action; and

B. The claims at the basis of the lawsuit against the consumer arose out of any credit agreement, regardless of the original creditor, that included an arbitration agreement the same as, or substantially the same as the Arbitration Agreement between Plaintiff and LVNV that made arbitration of claims arising from or relating in any way to the account which is the subject of the claim mandatory.

**CLASS II**

39. All Kentucky persons/consumers who:

A. Were named as a defendant in a lawsuit filed by Stenger on behalf of any creditor

       in any District or Circuit Court of the Commonwealth of Kentucky within one (1) year prior to the date of filing of the present action; and

B.     The claims at the basis of the lawsuit against the consumer arose out of any credit agreement that included an arbitration agreement the same as, or substantially the same, as the Arbitration Agreement between Plaintiff and LVNV that made arbitration of claims arising from or relating in any way to the account which is the subject of the claim mandatory.

**CLASSES III and IV (KCPA Classes)**

**CLASS III**

40.     All Kentucky persons/consumers who:

A.     Were named as a defendant in a lawsuit filed by, or on behalf of LVNV, in any District or Circuit Court of the Commonwealth of Kentucky within two (2) years prior to the date of filing of the present action; and

B.     The claims at the basis of the lawsuit against the consumer arose out of any credit agreement, regardless of the original creditor, that included an arbitration agreement the same as, or substantially the same as the Arbitration Agreement between Plaintiff and LVNV that made arbitration of claims arising from or relating in any way to the account which is the subject of the claim mandatory.

**CLASS IV**

41.     All Kentucky persons/consumers who:

A.     Were named as a defendant in a lawsuit filed by Stenger on behalf of any creditor in any District or Circuit Court of the Commonwealth of Kentucky within two (2) years prior to the date of filing of the present action; and

B.     The claims at the basis of the lawsuit against the consumer arose out of any credit agreement that included an arbitration agreement the same as, or substantially the same, as the Arbitration Agreement between Plaintiff and LVNV that made arbitration of claims arising from or relating in any way to the account which is the subject of the claim mandatory.

42.     The proposed Classes as set out *supra* and represented by Plaintiff Stacie Hines in this action, of which she herself is a member, consists of those persons as defined and which

members of the proposed Classes are so numerous that joinder as parties of individual members is impracticable.

43. Plaintiff's claims are typical of the claims of the proposed Classes as set out supra.

44. There are common questions of law and fact applicable to the members of the proposed Classes in this action that relate to and affect the rights of each member of the proposed Classes, and the relief sought is common to the entirety of the proposed Classes because all members of the proposed Classes have the same issues of law in common as alleged *supra*.

45. There is no known conflict between Plaintiff and any other members of the proposed Classes with respect to this action, or with respect to the claims for relief herein set forth.

46. Plaintiff is the representative party for the proposed Classes and is able to and will fairly and adequately protect the interest of each of the proposed Classes.

47. Plaintiff's attorney is experienced and capable in the field of consumer rights, including violations of the FDCPA, the KCPA, and other consumer rights statutes such as the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

48. Plaintiff's attorney has successfully represented other claimants in similar litigation.

49. The action is properly maintained as a class action in that the prosecution of separate actions by individual members of the proposed Classes would create a risk that individual adjudications could be dispositive of the interests of other members not a party to such adjudication or could substantially impair or impede their ability to protect their interest.

50. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendants.

51. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

52. The identity of each individual member of the proposed Classes can be ascertained from the books and records maintained by Defendants.

53. Because many of the persons who comprise the proposed class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Stacie Hines requests the Court grant her and all members of each of the Classes relief as follows:

1. Award Plaintiff and all members of Classes I and II the maximum statutory damages pursuant to 15 U.S.C. §1692k for Defendants' joint and several violations of the FDCPA;

2. Award Plaintiff and all members of each of the Classes their actual damages for Defendants' joint and several violations of the FDCPA and KCPA;

3. Award Plaintiff and all members of Classes III and IV punitive damages against each Defendant for Defendants' joint and several violations of the KCPA;

4. Award Plaintiff and all members of each of the Classes their reasonable attorney's fees and costs pursuant to the FDCPA and/or the KCPA;

5. A trial by jury; and

5. Such other relief as the Court and law make Plaintiff and the members of the Classes entitled.

    Submitted by:

    /s/ James R. McKenzie
    James R. McKenzie, KBA 81957
    *James R. McKenzie Attorney, PLLC*
    115 S. Sherrin Ave. Suite 5
    Louisville, KY 40207
    Tel:   (502) 371-2179

-11-

Fax: (502) 257-7309
E-mail: jmckenzie@jmckenzielaw.com